Our third case this morning is No. 23-2103, In Re. Godo Kaisha IP. Mr. Kiblawi. Good morning, Your Honors. May it please the Court, my name is Fadi Kiblawi. I'm appearing on behalf of the appellant, IP Bridge, in this appeal. So the issue on this appeal is whether Claim 1 of the 635 patent can be satisfied by the prior art simply having only a per-plural block basis selection and signaling of reference pictures, or whether it must also otherwise have a per-block basis selection and signaling of reference pictures. It is the appellant's position that the claim requires both by virtue of the preamble's recitation of selecting reference pictures on a block basis, as well as the claim body's recitation of this requisite context instead of limitations of the describing Step B of Claim 1. Now the board's invarity ruling relies on constructions that give no limiting effect to both the preamble and the related instead of body limitations. These constructions are legally erroneous for the many reasons set forth in the briefing. First, start with the prosecution history. The board's construction... So isn't the preamble here really just a preview of the steps recited in the body of the claim? Thank you for that question, Your Honor. That is in fact not the case because the preamble is describing a selection of a reference picture on a block basis, whereas continuing to the body of the claim, the selecting of the reference pictures in Step A is for a plurality of blocks. It's on the plural block basis. And then if you look at Step B, the two different features, plural block versus per-block, or block basis versus plural block basis, are directly contrasted. You do one, quote-unquote, instead of the other. So the preamble, in fact, is not superfluous or expressing an intended result of the steps of the body, but these are entirely different steps. It's a different process being done here, different steps being done here, namely per-block reference picture features versus the plural block reference picture features in the body of the claim. Even if you viewed the preamble as being relevant, I don't see that the preamble necessarily says this is being done on a per-block basis. On a block basis, it just as well referred to a plurality of blocks as individual blocks. Well, a couple of points there. To begin with, the record shows that one of Ordinary School, or the patentee themselves, the applicant themselves, were describing a block basis, again, in contrast to a plural block basis or a picture basis. A number of reasons for this. Number one, in the preamble itself, if you continue reading it, you'll also see that it also recites performing predictive coding on the block. The block. Only a previous reference of block is a block basis. So what we see from the preamble is that the same basis in which the reference pictures are being selected is the basis in which the coding, the predictive coding, is being done, and that is on a block basis. In the prior art and in this patent itself and in the art, predictive coding is done on blocks, not on plural blocks. The actual predictive coding is done on blocks, but the selection of reference pictures for which to do it can either be done in this patent on a plural block basis, on the block basis, or on the plural block basis. And this is clarified as well in the record of the patent. Does any part, in your view, of the body of the claim rely on the preamble for antecedent basis? So, you know, for a very strict definition of antecedent basis, an A, the, that's not, no. However, there is a recitation, the instead of recitation, to one of ordinary skill in the art, and this has been briefed as well and set forth in the expert declaration, as well as reflected in the prosecution history record, is that one, the step B of the body of the claim recites describing A instead of B, describing the plural block reference picture information or the common reference picture information. Okay, we're talking about step B in the body of the claim. That's right. And step B in the body of the claim, it's only contemplating and discussing common reference picture information. Is that right? This is where I disagree with the. My understanding of this claim limitation is it's saying you can describe common reference picture information in some area called the common information area, so that you're not describing that same common reference information, reference picture information, on a block by block basis. Right. Sorry. Isn't that the correct understanding of step B? I disagree. I think step B specifically, actually literally stating that you're describing the common reference picture, the plural block reference picture features, instead of describing the per block reference picture information. The problem with that is that instead of languages, instead of describing per block reference picture identification information, which identifies the selected common reference picture. So that instead of clause is all about the common reference picture information, and this is saying, hey, you don't have to go through the trouble of describing that common reference picture information per block for inside of each block. You just do it in this common reference picture area where you can just describe it once. Right. That's my understanding of this limitation. Right. What's wrong with that understanding of that limitation? A couple of things. When I'm just following the actual words of the limitation. Okay. So a couple of things. One, the panel's position is that the plain and ordinary meaning of instead of isn't simply not. Instead of instead conveys, under its plain and ordinary meaning, that the instead of, the alternate, is an option. It is otherwise available. Instead of means that a choice necessarily indicates a choice. My understanding of the limitation fits that quite comfortably. That the instead of describing as a choice. The common picture information, instead of describing it per block, you only have to describe it once for plural blocks. So that interpretation is the board's interpretation, which is simply that you do A, not B. Right. A being the plural of the common reference, B being the per block reference. No, but the per block is for the common reference picture information itself. The common reference picture information, you describe it just once. You don't have to describe that common reference picture information each time per block. Because. That's what that limitation is saying. Right. So what's wrong with that understanding? Okay. It's contrary to the prosecution history and how this language is specifically and explicitly described and defined in the prosecution history, appendix 1161. There, it was very clearly stated, unequivocally, that in the present invention. In contradistinction with the Fukuhara reference that was applied in the office action. What's required is that first that in this context is that reference picture information is described per block. Whether it's common or not. That's therein lies the issue. That if you have the same reference picture information for eight blocks in a row. Then you have, in that scenario. In that limited scenario. You will have a decrease in coding efficiency. Because you would be redundantly describing that common, that same reference picture per block. And that was described in. It's not a possibility to increase coding efficiency. It is describing reference pictures per block. The reason being that allows you to select reference pictures per block. And thereby find the most optimum reference picture. But in certain scenarios. When you have the same reference picture for a number of blocks in a row. A plural block image unit, for example. Then it would be redundant to do what is otherwise done. Which is what you can selectively do. Which is describe and signal that information per block. So instead of doing that. You would instead describe it in just a common information area.  Did the patentee reference the preamble in relation to Fukuhara? Not explicitly. The patentee described the present invention in contradistinction to the prior art. And quoted the instead of limitation. However, the patentee described the invention. To include selecting reference pictures on a per block basis. Which is what is recited in the preamble. And then stated in addition to that. And that results in an increase in compression efficiency. What page are we looking at for the prosecution history? 1161 through 1163 of the appendix. And starting at the third line. In contradistinction with Fukuhara et al. In the present invention. Dot dot dot. Identifies for each block. One or more reference pictures included in the reference picture list. That's what we contend. Needs to be given limiting effect by virtue of the instead of language. So why didn't you amend the claim to be clear that that's what you're talking about? During the re-exam? Well, this is the initial examination, right? There was no dispute in the initial examination. This is from the re-exam. No, this is the initial examination. Yeah. So why in the initial examination didn't you amend the claim to make clear what it covered? I'm not sure. I can't speak for the counsel there. But looking at the record, it seems clear that the appellant. The examiner responded to this by issuing a final rejection, right? The examiner withdrew this reference and issued a final rejection with a different reference, yes. Right. And then you had to further amend the claim. Further amend it to add such that can be omitted. So I guess my point is that this is the prosecution is just further and further clarifying what's going on with the common reference picture information inside of step B of describing. And it doesn't have anything to do with pulling in some separate notion that is recited in the preamble about selecting a reference picture on a block basis. Well, if it's the patent office's position, if it's your Honor's position that the instead of language does not convey what's described right here as selecting a reference picture on a block basis in the prosecution history, then certainly that means the preamble is where that language necessarily is. But the preamble specifically states selecting reference pictures on a block basis. So if it's the court's position that that is not captured in the instead of language, and it's at least captured in the preamble, and it's also a public position. If the preamble were to be given patentable weight, then to me what the method would call for is selecting a reference picture on a block basis. And in addition to that, selecting a common reference picture, which would be described just once in a common information area. That's right. And I think you want both of those steps to be taken every single time.  But the claim, as written, wouldn't call for a choice between one. It would call for both. Well, in one way, that reading is fine as well. It can call for both, but it can call for both for different blocks sequentially. I don't think it calls for it for different blocks sequentially. I don't see it saying that. I would see it saying that you've got to do both every time. Well, even if that was the case, you have an example in the specification, the embodiment figure 7 that's cited by all parties, where you do have both done for that particular current block that's being encoded. I don't see that in figure 7 where you're... Sure. I can show you. I can show you. So figure 7, if you go to the appendix, figure 7 of the patent, appendix 18. And this is also described in the opening brief. But you'll see that you have default ref number. That's in the picture header. That's the common information area. That's the... This is a different embodiment, though, when you have ref number 2 and then compare it to having a ref number 1 and ref number 2 in figure 3. And now you're pulling out the ref number 1 from figure 3 and replacing it with the default reference number in figure 7. I mean, what you're claiming has nothing to do with reference number 2. No, no. That's the point of disagreement. Reference number 2 is the per block reference. That is the block, the reference picture that is selected on a block basis. That's ref number 2. And then default ref number is the step B block, the common picture that is selected on a plural block basis. And again, this support for this interpretation is described both in 1161. 1161 describes that exactly. Figure 7 is the support for this interpretation and this embodiment that's being claimed is one example of the support. That's at 1161. And it's also briefed in the opening brief and throughout describing the invention. So in figure 7, you do have both happening. So even if you interpret this as requiring both to happen on the same block, that's what's shown in figure 7. Can you just very succinctly tell me what's your best argument for why you believe the preamble should be limiting in this case? Sure. Succinctly? Yes. Because the preamble at the least describes the requisite context in which the invention is performed. And giving the preamble weight is the only construction that stays true to the entire record, particularly the prosecution history, which unequivocally states basically appellant's construction and is irreconcilable with the board's construction giving no weight. It's completely irreconcilable. The broadest reasonable interpretation here, right? Yes, that's right. Okay. So, okay, if I can get on with your questions. We're going to be two minutes for rebuttal. Yeah, I've reserved two minutes for rebuttal if that's okay with you. Okay, Mr. Tyler. Good morning, and may it please the court. This appeal presents two straightforward claim construction issues for this panel to decide. The board faithfully applying this court's claim construction precedents determined that the preamble of Claim 1 is not a limitation, as well as interpreted Step B of the claim to not require the language that comes out after the instead of clause in that claim. Because the board faithfully applied the precedents, we ask that this court affirm on both grounds. Starting first with the preamble, the board started with the general proposition that a claim's preamble is not limiting, and then it went through the five exceptions that this court has articulated and found that none of them rose to the level of making this particular preamble limiting. And I think to Judge Cunningham's question in my colleague's time, it really is a preview. It's like a thumbnail of what is to come. And the claim even starts with a method for, goes on to kind of give you a highlight of what it's going to do, and then it has the magic comprising language. Each of the three steps that are described in the preamble are then more, are fully described later in the claim. And that's the view that the board took of the claim, is that the preamble was not adding limitations. It wasn't necessary to understand the structure of the claim. And the four steps that are recited in the claim provide a complete and full invention. And so they determined that the preamble was not limiting. And if there are no further questions on the preamble, I'll move on to the instead of language. And here again, I think although it may be a bit high level, I think the board's analogy on house painting really kind of hits home here. And that is. Can we go back to the preamble for a second? Yes, sir. It's your understanding that when the preamble refers to selecting a reference picture from among reference pictures on a block basis, that reference to a reference picture is the same thing as the later recited common reference picture in the body? That was my understanding, Your Honor. I mean, the common reference picture. I mean, it says a common reference picture in the body. It doesn't say said common reference picture or said reference picture. Or the reference picture. So why would we assume that when it talks in the body about a common reference picture chosen from among plural reference pictures, that that's the same reference picture as the one referred to in the preamble? I think part of the problem, Your Honor, is that would presuppose that the preamble is limiting and is referring to the same thing. I think the issue comes in that the preamble in describing a reference picture is talking about the selection of one. And then the claim limitation that we're discussing about the common reference picture is in the describing step. No, I'm looking at the selecting step. Selecting using a selection unit, a common reference picture to be commonly referred to. I apologize, Your Honor. I don't have a very solid answer to your question on that. I think when we look at what the patent is teaching, one thing that my colleague didn't point you to at any point was anywhere in the specification. And when we're talking about what the invention is directed to, it's about making a coding more efficient. And in the patent, it actually describes, looking at Step B, the describing whether we do it on a plural block basis or a block-by-block basis. It talks about that the efficiency is gained by not doing what is after the instead of language in Step B. They cite to Figure 7. Yes, Your Honor. And if you look at Page 3 of our red brief, I think it's a good place to kind of look side-by-side of what the prior art is doing and what the Figure 7 is doing. And it would be our contention that the Step B could be re-read as saying, do our invention instead of doing the prior art. So do A instead of B, where B is what is described in Figure 3 here, labeled prior art. And that same idea and sort of thrust of the invention can be found in Column 11, Lines 8 through 15, as well as Column 23, Lines 48 through Column 24, Line 2, where they talk about the advantage to be gained in the invention is not having to describe or provide any information on a block-by-block basis. Okay. Anything further? If I could just touch on real quickly the prosecution history timeline, because I think we started on it, but as Judge Chen pointed out, the discussion about Fukuhara and the instead of language was prior to the final rejection, which then it was clear when the claim was allowed. It was the inclusion after that rejection of this language in Step B that calls for the omission of some of the data. And I think it's really important to keep in mind that the patentee could have drafted a method claim where you do identify for each block a reference image, and then the next step you do something to omit some of those. But really you could have written a step that says do not do, or you do it and then ignore it. But what we have here is really, and I understand that this court does not like making claim language superfluous, but in the case I actually cite, in consolidated cases, that language was found superfluous because it was redundant for what was already said in the claim. And here I think the fairest read of this claim is to read it as do A, not B. And in the method step, as soon as I practice A, if I hadn't done B, I probably would have forgotten. In this case, they could be viewed as mutually exclusive, that once you do A, you have foregone doing B. But if there are no further questions, yes? This is not having B different than instead of B? In some ways, I feel like any step in a method claim has a silent instead of. It's the opportunity cost of doing it the way that you're describing in the method. So in another analogy would be a method of traveling from D.C. to New York by train instead of plane. At what point do I, if I get from here to New York by train, I would argue under, and I think it is the correct instruction, that you would have satisfied that limitation. Regardless of if there's even a plane flight schedule, regardless if you bought a ticket or if you even looked for a ticket, if you took a train from D.C. to New York, you have done so instead of flying. Okay. All right. Thank you. Thank you. Mr. Cabral, you've got two minutes. Thank you, Your Honors. Counsel. So a couple of points. First, with respect to the case law that my opposing counsel referred to in suggesting that the preamble is superfluous with the body. I think that we've addressed this point, but I want to reiterate it. Again, it's not superfluous. That's one distinguishing fact in that case law. It's not superfluous. In that case law, the preamble recited a method for treating cancer, I believe it was, and the body recited the dosages. In that case, the preamble recited an intended purpose, and it was superfluous with the actual dosages amounts that are used to achieve that purpose. That's distinguishable from this case. The preamble here is not superfluous with the body because selecting reference pictures on a block basis is very different from selecting reference pictures for a plurality of blocks, which is what's in the body. Second, instead of, Judge Cunningham, your last question, what is the meaning of instead of? Is it different than not? Well, the record shows that Pelley's own reply brief, that instead of necessarily a response brief, instead of necessarily conveys a choice, a choice between A and B. In the board's analogy, paint the house red instead of blue, blue has to still exist in the world, just like the plane has to still exist in the world. But in the world of the prior art references, H.263 plus references used in validity grounds, there is no, it does not even contemplate the B, it does not even contemplate the blue paint or the plane. It does not exist in that world. So while the claim recites doing A instead of B, the prior art discloses doing A instead of doing nothing, such that nothing can be omitted. Does your client have any claims that write out this A or B notion more clearly in the claim? Like, for example, you know, if the same picture is being used or relied on for multiple blocks, then have a common reference picture described in a common information area. And then when different reference pictures are being used for different blocks, then describe the different reference pictures on a block basis. Do you have any claims that actually spell it out like that? So during the re-exam, seven dependent claims were added, and some of them do spell out in detail. But just so there's no confusion, there's no issue of claim differentiation here because they're more narrow. So this is the independent claim more generic. I guess what I'm trying to understand and figure out is it feels to me that for what you want, this feels like an incompletely drafted claim. It doesn't actually recite the kinds of additional thoughts that you want us to read into this claim. It sounds like the dependent claims that you've drafted actually finally get there and explain all of this context that you want about how there can be a method that does X sometimes and other times it does Y. So the dependent claims that were added and confirmed patentable during the re-exam, again, they're more narrow, but they do avoid this issue altogether by clearly spelling out. And that's why this was resolved in the appellant's favor. The invalidity ruling should also be reversed. I'm baffled as to why that wasn't done in the first place. During the original prosecution? Yeah. I mean, you wanted the claims to be broader. Why did you leave it so that at best it's unclear? So I can't speak for the prior counsel or what the applicant was thinking at the time. But, again, looking at the record, Appendix 1161, it seems clear that at least the applicant believed that the language in the claim, as it is now, conveyed that. And that's specifically and explicitly what they argued, which is our appellant's construction. So at least it seems from the record that they had a belief that it was sufficiently there. Now, of course, hindsight being 20-20, go back. It would have been nice to have avoided all this issue, but, alas, this is the patent we have and this is what the account conveys. It is intended to define their invention in the record through the prosecution history. Thank you, Your Honor. Is there any other questions? We're out of time, unless you have a question.  Thank you both counsel. Thank you, Your Honor. The case is submitted.